No. 30,142.

THE CITY OF TOPEKA, *Appellee*, v. W. H. HEBERLING, *Appellant*.

(5 P. 2d 816.)

Opinion filed December 12, 1931.

*A. D. Weiskirch, Jr.,* of Topeka, for the appellant.

*W. E. Atchison* and *Henry D. Dangerfield,* both of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action defendant was convicted of having intoxicating liquor in his possession in violation of an ordinance of the city of Topeka. From this conviction he appealed to the district court, where he was again convicted. From the latter conviction he appeals.

The facts are that the police of Topeka raided the residence of appellant. They found and seized forty-two pints of a liquid, which is referred to in both briefs as "home brew." Appellant's defense was that this particular home brew had just been made when the raid occurred, and had not yet become intoxicating. A chemist testified for the city that he had tested the liquor and it contained 4.9 per cent of alcohol.

The trial court gave the following instruction to the jury:

"A liquid such as that offered in evidence in this case, and called 'home brew,' is an intoxicating liquor within the meaning of the city ordinance when it may be taken in sufficient quantity to produce intoxication, when used as a beverage. Such a liquid, when containing three or more per cent of alcohol, would be considered as intoxicating. You will bear in mind that one of the claims of the defendant is that the 'home brew,' when taken possession of by the officers, was not intoxicating, but if intoxicating at all at any time, became so after the same was taken from the possession of the defendant. If, therefore, you find that the 'home brew' was not intoxicating at the time seized by the officers, although it became so afterwards, then you would have to find the defendant not guilty."

Appellant points out that part of the instruction where the court said "such a liquid when containing three or more per cent of alcohol would be considered as intoxicating," and maintains that such an instruction invades the province of the jury, and that the giving of it constitutes error for which the case should be reversed and a new trial ordered. He cites and relies on *State v. Miller*, 92 Kan. 994, 142 Pac. 979. There it was held that certain liquors specified in the statute, that is, "any spiritous, malt, or vinous liquor," were to be considered intoxicating as a matter of law, and the question of whether an unclassified liquor is intoxicating is for the jury.

With the rule laid down in that opinion we have no quarrel. It was written in 1914. At that time the business of making intoxicating liquor in the home was not as common as it is to-day. The name "home brew" is a name which we have coined for a "malt liquor," which is made in the home and which contains all the intoxicating properties of the beer of the days before the Volstead act. It is common knowledge that "home brew" is intoxicating and that malt is a necessary ingredient of it. It was so understood at the trial of this case, both in the police and district courts. The defense offered at the trial was that the particular batch of liquid seized in the raid had not yet become intoxicating because it had only been made a few hours. This was met by the testimony of the chemist that the liquor contained about four per cent of alcohol, and that the fact that the test was made twenty-four hours after the liquid was manufactured did not make any difference. The jury believed the chemist.

We see no error in the trial. The judgment of the trial court is affirmed.